IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-00453-PAB

MITRA DAEI,

    Plaintiff,

v.

COUNTRY MUTUAL INSURANCE COMPANY,

    Defendant.

## SECOND ORDER TO SHOW CAUSE

This matter is before the Court on defendant Country Mutual Insurance Company's Response to Order to Show Cause [Docket No. 21]. Defendant contends that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 1.

Defendant removed this case from the District Court for Arapahoe County, Colorado on February 15, 2019. Docket No. 1. On March 12, 2019, the Court entered an order stating it was unable to determine whether it has subject matter jurisdiction over plaintiff's claims because defendant had not sufficiently alleged the citizenship of plaintiff. Docket No. 18. More specifically, defendant's Notice of Removal [Docket No. 1] failed to state where plaintiff was domiciled for purposes of diversity jurisdiction. *Id.* The Court ordered defendant to show cause why this case should not be dismissed for lack of subject matter jurisdiction. *Id.*

Defendant filed its response to the show cause order on March 22, 2019.

Docket No. 21. In its response, defendant alleged plaintiff is a citizen of and is domiciled in Colorado because she is the owner of a dwelling in Colorado, she has insured the dwelling, she resides at the dwelling, and she receives mail at the dwelling. *Id.* at 2, ¶ 4. Defendant claims plaintiff's permanent residence at the dwelling is evidenced by her "regular receipt of correspondence at that address related to the insurance claim that is the subject of this litigation." *Id.* These facts, however, do not sufficiently establish that plaintiff is domiciled in Colorado.

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260.

Courts can consider numerous factors in determining domicile, including "voting registration, employment status, length of residence, what domicile is claimed for tax purposes, location of bank accounts, whether the party rents or owns his or her home, vehicle registrations and licenses, whether the party moved his or her belongings, and where a party receives mail." *Alpine Bank v. Carney Bros. Constr.*, No. 05-cv-00026-EWN-KLM, 2008 WL 4080003, at *3 (D. Colo. Sept. 2, 2008). Although where a party receives mail is one factor the Court may consider, "[a] person can receive mail at an address that is not her primary or intended residence." *Houston v. Bank of America, N.A.*, 2014 WL 2958216, at *4 (C.D. Cal. June 25, 2014). Moreover, the evidence of

2

plaintiff's receipt of mail at the Colorado dwelling consists of copies of correspondence – sent by defendant itself – regarding the insurance policy covering that Colorado dwelling.  Although this may prove defendant sends mail to plaintiff at the address, it does not necessarily prove plaintiff *receives* it.  *See Baker v. PDC Energy, Inc.*, No. 14-cv-02537-RM-MJW, 2014 WL 7445626, at *3 (D. Colo. Dec. 30, 2014) ("[M]ailing addresses do not necessarily reflect receipt of mail.").

Essentially, defendant has continued to plead plaintiff's residence rather than her domicile, which is insufficient to establish plaintiff's citizenship.  *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)).  Because defendant has not sufficiently established the citizenship of plaintiff, the Court is unable to determine whether it has subject matter jurisdiction over plaintiff's claim.  Therefore, it is

**ORDERED** that, on or before **April 25, 2019**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED April 15, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge